## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**KARREN EVANS-WILLIAMS**                                      **PLAINTIFF**

**v.**                                      **CAUSE NO. 1:24CV169-LG-RPM**

**SUNSTATES MANAGEMENT**
**CORPORATION; CYPRESS**
**LAKES APARTMENTS, L.P.;**
**and CYPRESS LAKES**
**APARTMENTS**                                      **DEFENDANTS**

## ORDER DISMISSING CASE FOR LACK
## OF SUBJECT MATTER JURISDICTION

Plaintiff Karren Evans-Williams filed this pro se lawsuit attempting to sue Defendants for retaliation pursuant to the Fourteenth Amendment of the United States Constitution, the Fair Housing Act ("FHA"), the "Mississippi Fair Housing Act," and the "Biloxi Fair Housing Ordinance." [1 p. 3]. Plaintiff is a former resident of Cypress Lake Apartments, which is a complex allegedly managed by Defendant Sunstates Management Corporation. The case is before the Court sua sponte for consideration of the Court's jurisdiction under Fed. R. Civ. P. 12(h)(3). After reviewing Plaintiff's Complaint, the Court finds that this lawsuit should be dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

In her first lawsuit against Sunstates Management Corporation, Plaintiff attempted to assert claims for breach of contract as well as "violations of Sections 16 and 29 of the Federal Reserve Act, 12 U.S.C. Section 1431, the United States Constitution, 18 U.S.C. Section 8, 'Bill of Exchange,' and the 'Cestui Que Vie

Act/Trust 1666.'" *Evans-Williams v. Sunstates Mgmt. Corp.*, No. 1:23-CV-235-TBM-RPM, 2024 WL 3733392, at *3 (S.D. Miss. Aug. 8, 2024).  This Court dismissed that lawsuit for lack of subject matter jurisdiction on August 8, 2024.  *Id.*

On June 6, 2024, Plaintiff filed the present lawsuit against Sunstates, Cypress Lakes Apartments, L.P., and Cypress Lakes Apartments.  She claims this Court has jurisdiction pursuant to 28 U.S.C. § 1331, and she alleges that the defendants refused to renew her lease in retaliation for her prior lawsuit against Sunstates.

## DISCUSSION

"The issue of subject matter jurisdiction cannot be waived, and federal courts 'are duty-bound to examine the basis of subject matter jurisdiction' at all stages in the proceedings and dismiss if jurisdiction is lacking."  *Reule v. Jackson*, 114 F.4th 360, 365 (5th Cir. 2024) (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021)).  "Congress has broadly authorized the federal courts to exercise subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'"  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505 (2006) (quoting 28 U.S.C. § 1331).

"Generally, a case arises under federal law only where a federal question is presented on the face of a well-pleaded complaint, that is, a complaint that asserts the plaintiff's right to recovery based on federal law."  *La. Indep. Pharmacies Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022).  Therefore, a plaintiff "must allege facts sufficient to establish a colorable issue of federal law."  *Quinn v.*

*Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017).  Where factual findings regarding subject matter jurisdiction are intertwined with the merits, a federal court may dismiss a claim invoking federal question jurisdiction under 28 U.S.C. § 1331 for lack of subject matter jurisdiction only if the claim "is immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Porretto v. City of Galveston Park Bd. of Trustees*, 113 F.4th 469, 489 (5th Cir. 2024) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

Plaintiff first attempts to assert a federal retaliation claim pursuant to the FHA, which prohibits discrimination in the sale or rental of housing on the basis of race, handicap, color, religion, sex, familial status, or national origin.  42 U.S.C. §§ 3604, -05, -06.  The FHA contains the following retaliation provision:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, *any right granted or protected by section 3603, 3604, 3605, or 3606 of this title*.

42 U.S.C. § 3617 (emphasis added).  Since Plaintiff has not complained of any discrimination on the basis of race, handicap, color, religion, sex, familial status, or national origin in either the present lawsuit or her previous lawsuit, her FHA retaliation claim is not a well-pleaded claim conferring federal subject matter jurisdiction.

Plaintiff also alleges that Defendants violated her right to due process under the Fourteenth Amendment of the United States Constitution.  The Supreme Court has explained, "[E]mbedded in our Fourteenth Amendment jurisprudence is a

dichotomy between state action, which is subject to scrutiny under the
Amendment's Due Process Clause, and private conduct, against which the
Amendment affords no shield, no matter how unfair that conduct may be." *Nat'l
Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988).  Since the
Fourteenth Amendment is directed at States, "it can be violated only by conduct
that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co.*, 457
U.S. 922, 924 (1982); *see also Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1153
(5th Cir. 2021) (holding that the Fourteenth Amendment applies only to state
actors).  Plaintiff has not asserted that Defendants are state actors, and there are
no allegations in the Complaint that would support an inference that Defendants
are state actors.  Since Defendants are private business that are not bound by the
Constitution, the Court finds that Plaintiff's purported Fourteenth Amendment
claim provides no basis for subject matter jurisdiction.  *See Price v. Lockheed Martin
Corp.* , 261 F. App'x 761, 764 (5th Cir. 2008) (affirming a district court's
determination that a private corporation is not subject to constitutional
restrictions).

## CONCLUSION

"To strip a district court of subject matter jurisdiction, a plaintiff's federal
claim must have no plausible foundation, or the court must conclude that a prior
Supreme Court decision clearly forecloses the claim." *Resnick v. KrunchCash, LLC*,
34 F.4th 1028, 1035 (11th Cir. 2022) (internal quotation marks and alterations
omitted).  The Court recognizes that the "category of claims" to which this standard

applies "is exceedingly narrow." *Id.* However, Plaintiff's purported federal claims are clearly foreclosed by law and insufficient to confer federal subject matter jurisdiction.

      **IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

      **IT IS FURTHER ORDERED AND ADJUDGED** that Defendants' [3] Joint Motion to Dismiss this Case as Frivolous is **MOOT**.

      **SO ORDERED AND ADJUDGED** this the 19th day of November, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE